ACTION on the case, for the amount of a reward offered for the discovery of stolen goods.
The declaration contained several counts, the most material of which was the following: —
And for that whereas also, before the making of the promise and undertaking of the said Mason Bailey, hereinafter next mentioned, to wit: on the day of in the year of our Lord, one thousand eight hundred and thirty-four, a certain other large sum of money of the said Mason Bailey had been unlawfully taken from him the said Mason Bailey, to wit: at the county aforesaid; and the said Mason Bailey had offered a certain reward of two hundred dollars in regard to the same: and thereupon afterwards, to wit: on the day and year last aforesaid, at the county aforesaid, in consideration of the premises, and that the said William Gilkey would, at the special instance and request of the said Mason Bailey, tell him, the said Mason Bailey, who got the said last mentioned money of him, the said Mason, he the said Mason Bailey undertook, and then and there faithfully promised the said William Gilkey, to give and pay him the said William, the sum of one hundred dollars, and if he the said Mason, should get his said money, that he the said Mason, would give and pay him the said William Gilkey, the amount of the said reward. And the said William, in fact saith, that, confiding in the said last mentioned promise and undertaking of the said Mason Bailey, afterwards, to wit: on the day and year last aforesaid, at the *Page 360 
county aforesaid, he did tell the said Mason Bailey who got the said last mentioned money of him, the said Mason; and that afterwards, to wit: on the day and year last aforesaid, at the county aforesaid, the said Mason Bailey did get his said money. Nevertheless, the said Mason Bailey, not regarding, c. (although often requested, c.) hath not as yet given and paid to the said William Gilkey, the said sum of one hundred dollars, nor the amount of the said reward, nor either, or any part thereof; but to give or pay him the same, or either, or any part thereof, the said Mason hitherto altogether hath neglected and refused, and still doth neglect and refuse.
The defendant pleaded non-assumpsit; payment; set-off, and the act of limitation.
The reward offered in the public papers was $200, for the apprehension of the robber or robbers and the recovery of the money stolen; or $100 for the apprehension of the one, or the recovery of the other.
Plaintiff also proved that in a conversation Gilkey had with Bailey, Gilkey inquired "what will you give if I tell you who got your money;" to which Bailey replied, "T will give you $100; and if I get it I will give you the amount of the reward offered in the papers." That Gilkey then told him one Homestead had got the money; and gave him such proofs that he went to Philadelphia where Homestead resided, had him arrested, and got from him and another, property to the value of the money stolen, but not enough to cover expenses.
It appeared on the defendant's testimony, that the house of Bailey had been robbed by Homestead and one Vance; Homestead having taken the money out of Bailey's pocket and handed it to Vance, who was aiding in the robbery. That Gilkey had refused to go to Philadelphia or aid defendant in recovering the money; that more money was in fact recovered from Vance than from Homestead, and that Gilkey gave no information as to Vance.
The defence, therefore, was, 1st, That Gilkey had not "told defendant who got the money," which was the consideration of the promise; that neither the thieves were apprehended nor the money recovered on Gilkey's information; that the participation of Vance and his running off were the main circumstances which produced the search and recovery; 2d, that the promise to Gilkey was not merely in consideration of information given, but of assistance to be rendered in procuring the money; and, 3d, that as the money itself was not recovered the property obtained from Homestead and Vance could not be said to be its equivalent, as a portion of the value of that property was consumed by the expenses of its recovery.
 The plaintiff's counsel admitted; and the court charged the jury, *Page 361 
That in an executory contract the thing to be done as the consideration of the promise must be proved as stated in the pleadings, and not another thing, though its equivalent.
This declaration counts on a promise of $100 if Gilkey would tell Bailey who go the money; and, 2d, on a promise of $200 if Bailey should get the money back.
The contract should be understood as plain common sense would construe it; and the person who actually took the money was, in the meaning of the contract, the person who got it, though there might be others aiding him in the robbery, and with whom he shared a portion of the spoils.
That under the second count the jury should be satisfied that all the money was in fact recovered in consequence of the information given by Gilkey.
 The plaintiff had a verdict.